1  James K. Vucinovich
2  C. N. Coby Cohen
   Rossi Vucinovich, P.C.
3  1000 Second Ave., Suite 1780
   Seattle, WA 98104
4  (425) 646-8003
   Fax (425) 646-8004
5  jvucinovich@rvflegal.com
6  ccohen@rvflegal.com

7  **UNITED STATES DISTRICT COURT**
   **EASTERN DISTRICT OF WASHINGTON AT RICHLAND**
8

9  **JERRY L. HARDEN,**              Case No. 4:21-cv-5136

10              **Plaintiff,**        **COMPLAINT FOR DAMAGES**

11      v.                            **DEMAND FOR JURY TRIAL**

12 **BNSF RAILWAY COMPANY**, a
   Delaware Corporation,
13
                **Defendant.**
14

15
        COMES NOW, Plaintiff Jerry L. Harden ("Plaintiff" or "Mr. Harden"), by
16
   and through his undersigned counsel, and for his claims against Defendant BNSF
17
   Railway Company, a Delaware Corporation, formerly known as Burlington
18
   Northern Railroad until a merger in 1996 with Atchison, Topeka, and Santa Fe
19
   Railroad on December 31, 1996 (collectively, "Defendant" or "BNSF") hereby
20
   states and alleges as follows:
21

22

23

24  COMPLAINT FOR DAMAGES - 1        **ROSSI VUCINOVICH** P.C.
                                      1000 Second Avenue, Suite 1780
25                                      Seattle, Washington 98104
                                      (425) 646-8003/ Fax (425) 646-8004

## PARTES & JURISDICTION

1. At all material times, Mr. Harden was, and remains, a resident of the State of Washington, and he lives within the Eastern District of Washington.

2. At all material times, Defendant was and is a corporation duly organized and existing under the laws of the state of Delaware, and was operating a system of railroad tracks in the State of Washington and other states, and that said system included and includes lines of track in the Eastern District of Washington, where this action is filed and where at least a significant portion of the actions at issue herein are alleged to have taken place.

3. At all times material to this action, Defendant was an interstate carrier by rail and was engaged in interstate transportation and commerce. Additionally, Mr. Harden was employed by Defendant as a switchman and brakeman, and as such was working and engaged in interstate transportation and commerce at the times pertinent to this action, and at such times was working in the furtherance of Defendant's interstate commerce, in work which directly, closely, and substantially affected the general interstate commerce carried on by said Defendant as a railroad common carrier of freight for hire.

4. The jurisdiction of this Court is based upon Title 45 U.S.C. § 51 *et seq.*, commonly known as the Federal Employers' Liability Act ("FELA"), and this action is timely commenced in a proper venue within the meaning of 45 U.S.C.

§ 56, as Defendant operates rail lines within this judicial district and actions that led to this lawsuit are alleged to have occurred within this judicial district.

## VENUE

5. The Eastern District of Washington is the appropriate venue for this action pursuant to 29 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this claim occurred in the Eastern District of Washington.

## STATEMENT OF FACTS

6. Plaintiff was employed with BNSF as a switchman and brakeman at all relevant times to this lawsuit, namely from 1973 through 2001.

7. This suit pertains injuries suffered by Mr. Harden as a result of the negligence of Defendant throughout his tenure with Defendant, but that Mr. Harden had no knowledge or reason to have knowledge as to his injuries and their relationship to his work until within the last three years preceding the filing of this Complaint.

8. During his railroad employment with Defendant, Mr. Harden was exposed to asbestos (including in dust), diesel fumes, diesel exhaust, and other toxic particulates and fumes, which included second-hand tobacco smoke exposure.

9. Defendant knew, or in the exercise of proper diligence should have known, of the presence or existence of asbestos, diesel fumes, diesel exhaust, and

COMPLAINT FOR DAMAGES - 3

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

other toxic particulates and fumes, including second-hand tobacco smoke exposure, within Mr. Harden's working environment and of his ongoing and significant exposures to same during the course of his employment with BNSF.

10. This included, but was not limited to, exposures in cabs, cabooses, yards, tunnels, and along tracks.

11. Defendant also knew, or in the exercise of proper diligence should have known, of the dangerous effects and health impacts of asbestos, diesel exhaust, diesel fumes, and other toxic particulates and fumes prior to Mr. Harden's date of hire with BNSF.

12. In particular, BNSF knew, along with other railroads, since at least 1958, that there was scientific proof that exposure to asbestos could cause development of cancer.

13. BNSF also knew prior to Mr. Harden's hire, or in the exercise of reasonable care should have known by that time, that exposure to diesel fumes and diesel exhaust could cause development of cancer.

14. BNSF further knew prior to Mr. Harden's hire, or in the exercise of reasonable care should have known by that time, that exposure to other toxic particulates and fumes that it was aware were present in the working environment to which Mr. Harden was exposed in his craft could cause the development of harmful health impacts, including cancer.

COMPLAINT FOR DAMAGES - 4

15. Despite its knowledge, Defendant did not warn Mr. Harden about the potential dangers of exposure to asbestos.

16. Despite its knowledge, Defendant did not warn Mr. Harden about the potential dangers of exposure to diesel fumes or diesel exhaust.

17. Despite its knowledge, Defendant did not warn Mr. Harden about the potential dangers of exposure to other toxic particulates or fumes, which included second-hand tobacco smoke exposure.

18. Defendant also did not adequately monitor the health of Mr. Harden or indicate to him that such monitoring was critical to his ongoing health given the exposures to which he was subjected in his employment with BNSF.

19. Similarly, Defendant failed to perform air quality monitoring on their properties and in the locomotives or cabooses in which Mr. Harden was assigned to work on BNSF's behalf to identify the particulates and toxins to which he was exposed in such work.

20. Defendant knew that the failure to monitor such exposures and the ongoing health of Mr. Harden placed him at risk of development of health issues arising from the very exposures BNSF elected not to monitor.

21. Mr. Harden's other work would not have given rise to the exposures identified herein known by BNSF to have been generated in his employment with them.

COMPLAINT FOR DAMAGES - 5

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

22. Mr. Harden was not a smoker.

23. Mr. Harden has now been diagnosed with lung cancer, arising as a result of the exposures to which he was subjected during his career with BNSF.

## FIRST CAUSE OF ACTION
## FELA NEGLIGENCE

24. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Mr. Harden's injuries from the exposures described occurring during his employment with BNSF came as a direct result, in whole or in part, of the negligence of Defendant BNSF, and its agents, employees and officers, in violation of the FELA, 45 U.S.C. § 51 *et seq*.

26. Among other acts of negligence to be proven at trial, Defendant BNSF was negligent by its:

   a. Failure to provide Plaintiff with a reasonably safe place in which to work as required by law;

   b. Failure to properly maintain the air quality in Plaintiff's work area;

   c. Failure to warn Plaintiff of the dangers posed by exposures to asbestos, asbestos dust, diesel fumes, diesel exhaust, and other toxic particulates and fumes;

    d. Failure to adequately train Plaintiff concerning the dangers and risks of physical harm posed by exposures to asbestos, asbestos dust, diesel fumes, diesel exhaust, and other toxic particulates and fumes;

    e. Failure to take measures to adequately protect Plaintiff against the dangers and risks posed by exposures to asbestos, asbestos dust, diesel fumes, diesel exhaust, and other toxic particulates and fumes, including second-hand tobacco smoke;

    f. Failure to monitor Plaintiff for adverse effects of exposures while working for BNSF;

    g. Failure to advise Plaintiff to regularly obtain medical monitoring for adverse effects of exposures from his time working for BNSF;

    h. Failure to ensure a safe method for interactions with the above-listed particulates or exposures;

    i. Failure to provide access to Plaintiff of material safety data sheets for materials containing toxic substances that could lead to exposures as identified herein;

    j. Violation of applicable federal, state, and/or local rules or regulations concerning exposures to asbestos, asbestos dust, diesel fumes, diesel exhaust, and other toxic particulates and fumes;

    k. Failure to adopt and enforce rules sufficient to counter any dangers or

COMPLAINT FOR DAMAGES - 7

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

     risks posed by exposures as identified herein;

  l. Failure to properly inspect its equipment and materials for dangers and risks posed by release of particulates including the exposures addressed herein; and

m. other acts of negligence to be proven at trial in this matter.

27. As a direct result, in whole or in part, of the negligence of Defendant BNSF in violation of the FELA, Plaintiff suffered severe, potentially permanent and disabling injuries, including, but not limited to, lung cancer and associated health impacts. As a result, Plaintiff has suffered in the past and will continue in the future to suffer pain and anguish and loss of enjoyment of life.

28. As a direct result, in whole or in part, of Defendant's negligence in violation of the FELA, Mr. Harden has also sustained a permanent diminution of his earning capacity in amounts to be proven by the evidence at the trial of this matter. This is intended to include being less able to do work at a restaurant owned in part by him, requiring the hiring of additional help to perform tasks he otherwise performed prior to his injuries sustained as a result of BNSF's negligence, directly and indirectly impacting his earning capacity.

29. Mr. Harden also suffers from a reasonable fear of impending death or decreased life expectancy and fears of the impacts of cancer as a result of the impacts of the injuries he has sustained from BNSF's negligence.

COMPLAINT FOR DAMAGES - 8

30. In an effort to treat, heal, and relieve his injuries, Plaintiff has spent and will continue to spend monies for medical-related care associated with this injuries, in an amount to be established at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the above-named Defendant for special and general damages in an amount established by the evidence, together with all costs and disbursements, and other relief the court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury of twelve of his peers.

Dated: October 11, 2021

                                **ROSSI VUCINOVICH PC**

                                *s/ C. N. Coby Cohen*
                                James K. Vucinovich, WSBA # 29199
                                C. N. Coby Cohen, WSBA # 30034
                                1000 Second Avenue, Suite 1780
                                Seattle, WA 98104
                                Ph: (425) 646-8003
                                Fx: (425) 646-8004
                                jvucinovich@rvflegal.com
                                ccohen@rvflegal.com
                                *Attorneys for Plaintiff*